FILED'06 MAR 09 12:19 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

KEVIN HOWARD WYATT,

    Defendant.

No. CR 03-30019-AA

OPINION AND ORDER

AIKEN, Judge:

    On June 12, 2003, defendant pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). On February 11, 2004, defendant was sentenced to a 151-month term of imprisonment and a three-year term of supervised release.

    Defendant now moves to vacate, set aside, or correct his

1  - OPINION AND ORDER

sentence pursuant to 28 U.S.C. § 2255. Relying on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), defendant argues that his sentence is unlawful, because he received sentencing enhancements based on facts neither admitted by him nor found by jury beyond a reasonable doubt. Specifically, defendant maintains that the court found by a preponderance of the evidence that he had made a threat of death and was a career offender.

However, the Supreme Court issued its decisions in Blakely and Booker after defendant was sentenced, and neither Blakely nor Booker apply retroactively on collateral review to convictions that became final before those cases were decided. See Schardt v. Payne, 414 F.3d 1025, 1037-38 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1119-20 (9th Cir. 2005). Therefore, Blakely and Booker do not afford defendant the relief he seeks.

Further, given that Blakely and Booker worked a "sea change in the body of sentencing law," United States v. Ameline, 376 F.3d 967, 973 (9th Cir. 2004), I do not find that defense counsel's failure to object to the court's findings at sentencing on Sixth Amendment grounds was "objectively deficient" so as to constitute ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 690-91 (1984). Moreover, defendant fails to show prejudice, because Blakely and Booker cannot be applied retroactively. Id.

Accordingly, defendant's Motion to Vacate, Set Aside or Correct Sentence (doc. 21) is DENIED.

IT IS SO ORDERED.

Dated this 9 day of March, 2006.

_____
Ann Aiken
United States District Judge

3    - OPINION AND ORDER